IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Shelia Walker, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  12 C 8176 |
| | ) | |
| Mercantile Adjustment Bureau, LLC, a | ) | |
| New York limited liability company, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Shelia Walker, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Shelia Walker ("Walker"), is a citizen of the State of Alabama, from whom Defendant attempted to collect a delinquent consumer debt, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Mercantile Adjustment Bureau, LLC ("MAB"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant MAB operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant MAB was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

5. Defendant MAB is authorized to conduct business in the State of Illinois, and maintains a registered agent within the State of Illinois. See, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant MAB conducts business in Illinois.

6. Moreover, Defendant MAB is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant MAB acts as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

7. Ms. Walker is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills. When MAB began trying to collect a debt from Ms. Walker, allegedly owed to Regional Acceptance for a car loan, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant MAB's collection actions.

8. Accordingly, on October 1, 2012, one of Ms. Walker's attorneys at LASPD informed MAB, in writing, that Ms. Walker was represented by counsel, and directed

MAB to cease contacting her, and to cease all further collection activities because Ms. Walker was forced, by her financial circumstances, to refuse to pay her unsecured debts. Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, Defendant MAB directly called Ms. Walker, including, but not limited to a telephone call on October 10, 2012 from telephone number 866-851-0082 ext. 8264, demanding payment of a debt.

10. Accordingly, on October 10, 2012, one of Ms. Walker's LASPD attorneys had to write to Defendant MAB again to demand that it cease communications and cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit D.

11. Defendant MAB's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant MAB's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Ms. Walker's, agent/attorney, LASPD, told Defendant

MAB to cease communications and cease collections (Exhibit C).  By continuing to communicate regarding this debt and demanding payment, Defendant MAB violated § 1692c(c) of the FDCPA.

16. Defendant MAB's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

19. Defendant MAB knew that Ms. Walker was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit C), that she was represented by counsel, and had directed Defendant MAB to cease directly communicating with her.  By directly calling Ms. Walker, despite being advised that she was represented by counsel, Defendant MAB violated § 1692c(a)(2) of the FDCPA.

20. Defendant MAB's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Shelia Walker, prays that this Court:

1. Find that Defendant MAB's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Walker, and against Defendant MAB, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Shelia Walker, demands trial by jury.

Shelia Walker,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: October 11, 2012

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com